**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Shepard Minnifield,<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>Defendants. | No. CV-05-71-PHX-DGC (VAM)<br><br>**ORDER** |

On January 6, 2005, Shepard Minnifield (Plaintiff), formerly confined in the Maricopa County Madison Street Jail in Phoenix, Arizona (Madison Jail), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint). Plaintiff did not pay the one hundred and fifty dollar ($150.00) filing fee, but filed an uncertified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) with his Complaint which was insufficient to support his request to proceed in forma pauperis.

By Order filed February 7, 2005, Plaintiff's Application To Proceed was denied without prejudice and Plaintiff was given thirty (30) days to pay the one hundred and fifty dollar ($150.00) filing fee, or in the alternative, to file with the Court a new, certified Application to Proceed, using the form included with the Order, and a certified copy of his

**JDDL**

- 1 -

1 inmate trust fund account statement for the six (6) months immediately preceding the filing
2 of the Complaint. If Plaintiff was held at more than one institution during the six (6) months
3 immediately preceding the filing of the Complaint, he was ordered to file a certified trust
4 fund account statement(s) (or institutional equivalent) for each institution where he was
5 confined.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

On March 8, 2005, Plaintiff filed two (2) new Applications To Proceed (Document #5), which were docketed together. However, both Applications To Proceed are deficient in a several of respects. First, Plaintiff has not completed or signed the "Consent To Collection of Fees From Trust Account" section of one (1) of the Applications To Proceed. Second, the "Certificate Of Correctional Official As To Status Of Applicant's Trust Account" sections of both Applications To Proceed have not been completed, and therefore, the Applications To Proceed have not been signed by an authorized officer of the institution and do not list the sum Plaintiff has in his account at the institution, list the average monthly balance Plaintiff had during the past six (6) months, or list the average monthly deposits to Plaintiff's account for the past six (6) months. Third, neither Application To Proceed includes a copy of Plaintiff's trust fund account statement (or institutional equivalent) for the six (6) months immediately preceding the filing of the Complaint which is certified by an authorized officer of the institution as required. Accordingly, both Plaintiff's Applications to Proceed will be denied.

### RELEASE

On February 4, 2005, Plaintiff filed a "Notice Of Change Of Address" (Document #4) (Notice), which was inadvertently not entered on the docketed until February 9, 2005. In his Notice, Plaintiff indicates that he is now residing at in Phoenix, Arizona. (Notice at 1).

Judging from Plaintiff's address it appears that Plaintiff has been released from custody. A search of the Maricopa County Sheriff's website confirms that Plaintiff is no longer in the custody of the Maricopa County Sheriff. Also, the website of the Arizona

**JDDL**

1  Department of Corrections (ADOC) does not show Plaintiff as being in the current custody
2  of the ADOC.

### PAYMENT OF FILING FEE

4  Pursuant to 28 U.S.C. § 1915(b)(1), as amended by the Prison Litigation Reform Act
5  of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), "if a prisoner brings a civil
6  action or files an appeal [in forma pauperis], the prisoner shall be required to pay the full
7  amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff brought this civil action while he
8  was still a prisoner, therefore he will be required to pay the full amount of the one hundred
9  and fifty dollar ($150.00) filing fee, even though he has subsequently been released from
10 confinement.

11  If Plaintiff was still a prisoner, the Court would assess and, when funds exist, collect
12 an initial partial filing fee of twenty percent (20%) of the greater amount of either the average
13 monthly deposits or the average monthly balance in Plaintiff's prison account for the six (6)
14 months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). After
15 payment of the initial partial filing fee, Plaintiff would be required to make monthly
16 payments equaling twenty percent (20%) of the preceding month's income credited to his
17 prison account. 28 U.S.C. § 1915(b)(2).

18  However, because Plaintiff is no longer in custody, and therefore does not have a
19 prison account, he can not cure his deficient Applications To Proceed by obtaining a new,
20 certified Application To Proceed, and he can not avail himself of the partial payment
21 provisions of 28 U.S.C. § 1915(b)(1),(2). The statute makes no other provision for
22 incremental collection of the filing fee. Therefore, Plaintiff must now pay the filing fee in
23 full.

24  Accordingly, Plaintiff will be given thirty (30) days from the filing date of this Order
25 to pay the one hundred and fifty dollar ($150.00) filing fee. If Plaintiff fails to pay the filing
26 fee within thirty (30) days of the filing date of this Order, the action will be dismissed
27 without prejudice, without further notice to Plaintiff, unless Plaintiff shows good cause, in
28 writing, why he is unable to pay the filing fee.

**JDDL**                                                                - 3 -

1 Plaintiff should note that even after he pays the filing fee the Court is required to
2 screen complaints brought by prisoners seeking relief against a governmental entity or officer
3 or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a
4 complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or
5 malicious, that fail to state a claim upon which relief may be granted, or that seek monetary
6 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)(2).  The
7 Court also must dismiss a complaint or portion thereof if the plaintiff fails to exhaust any
8 administrative remedy available to him.  42 U.S.C. § 1997e(a).

**RULE 41(b) WARNING**

10 Plaintiff is warned that if he fails to timely comply with every provision of this Order,
11 or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the
12 Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district
13 court may dismiss action for failure to comply with any order of the Court), cert. denied, 506
14 U.S. 915 (1992).

15 **IT IS THEREFORE ORDERED:**

16 (1) That Plaintiff's two (2) Applications To Proceed In Forma Pauperis By A Prisoner
17 Civil (Non-Habeas) (Document #5) are DENIED;

18 (2) That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order
19 to pay the one hundred and fifty dollar ($150.00) filing fee;

20 (3) That the Clerk of Court is DIRECTED to enter a judgment of dismissal without
21 prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the one
22 hundred and fifty dollar ($150.00) filing fee within thirty (30) days of the filing date of this
23 Order, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee;

24 (4) That a clear, legible copy of every pleading or other document filed SHALL
25 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
26 District Judge or Magistrate Judge to whom the case is assigned.  See Rule 5.4, Local Rules
27 of Civil Procedure (LRCiv).  **Failure to comply with this requirement will result in the**
28 **pleading or document being stricken without further notice to Plaintiff**;

**JDDL** - 4 -

1   (5) That at all times during the pendency of this action, Plaintiff SHALL
2 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
3 and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
4 ADDRESS." The notice shall contain only information pertaining to the change of address
5 and its effective date. The notice shall not include any motions for any other relief. Failure
6 to file a Notice of Change of Address may result in the dismissal of the action for failure to
7 prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

8   Dated this 13th day of October, 2005.

*David G. Campbell*
David G. Campbell
United States District Judge